UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ELBERT L. MORGAN,** individually, and on behalf of others similarly situated, | : <br> : <br> : |
| Plaintiffs, | :    CASE NO.: 3:14-cv-01961-RNC <br> : |
| v. | : <br> : |
| **KEVIN T. KANE,** Chief State's Attorney, Division of Criminal Justice, In His Official and Individual Capacities, <br> **MICHAEL L. REGAN,** State's Attorney For the Judicial District of New London, In His Official and Individual Capacities, <br> **MARY JEAN KANABIS,** Assistant State's Attorney, Judicial District of New London, In Her Individual Capacity, J. SEVERIN BERGERON, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | :    December 29, 2015 |

## FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:                December 26, 2104

Date of First Appearance by Defendant:  January 30, 2015 (Dismissed parties)

                                        November 10, 2015 (Defendant Bergeron)

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred on December 23, 2015[1]. The participants were: Mitchell Lake for Plaintiff Elbert Morgan; Assistant Attorney General Steven M. Barry for the Defendant J. Severen Bergeron.

---

[1] The parties had conferred prior to the April 8, 2015 conference with the court. At said conference the court permitted the filing of a Motion to Stay Discovery and A Motion to Dismiss (Docket No. 14 & 15) prior to the filing of a F.R.C.P. Rule 26(f) report. This memorandum post-dates the court's granting of the Motion to Dismiss (Docket No. 25) and as such previous discussion dates are omitted.

**I.    CERTIFICATION**

Undersigned counsel and pro se party certify that, after consultation with their clients (as to counsel), they have discussed the nature and bases of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   JURISDICTION**

A.   SUBJECT MATTER JURISDICTION

Federal Question Jurisdiction arising under 42 U.S.C. §§ 1983, 1988 and 26 U.S.C. 1331, 1343(a)(3), and supplemental jurisdiction as to the state law constitutional claims under 28 U.S.C. Section 1367, based on the arrest of the Plaintiff occurring on December 26, 2011 and the subsequent prosecution.

B.   PERSONAL JURISDICTION

Personal jurisdiction over the defendants is was obtained over the defendants in the following manner:

i.   Defendant J. Severin Bergeron in his individual capacity was served by John Kunkiewicz at 670 George Washington Highway, Lincoln, Rhode Island on July 30, 2015[2].

**III.  BRIEF DESCRIPTION OF CASE**

A.   CLAIMS OF PLAINTIFF

Claims against Defendants Kane, Regan, Kanabis, have been dismissed.

---

[2] All other parties to this matter have been dismissed and are therefore omitted.

The claim against Defendant Bergeron is based Bergeron unlawfully seizing 91 firearms, 8 Upper Receivers, a Cross-Bow, and two magazines from Morgan's property in North Stonington on December 26, 2014, without a warrant and without statutory authority. The seizure of Morgan's property was unreasonable and was the proximate cause of the injury, damages, loss and harm sustained by Morgan.

B.   DEFENSES AND CLAIMS OF STATE DEFENDANTS

Defendants' deny wrongdoing and deny any violations of the plaintiff's rights. In addition, defendants are immune from liability in this matter.

IV.   STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.   J. Severin Bergeron was at all times relevant to the allegations against him a sworn law enforcement officer employed by the Connecticut State Police.

2.   J. Severin Bergeron was a Connecticut State Police trooper assigned to Troop E in Montville, Connecticut, on December 26, 2011.

V.   CASE MANAGEMENT PLAN

A.   STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

B.   SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.     EARLY SETTLEMENT CONFERENCE**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with a United States Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

The state defendants will need sixty days (60) days from the adoption of the scheduling order in which to file a motion to dismiss.  Following a ruling upon the dispositive motion, the plaintiffs may wish time to file an amended complaint.  The State defendants will need sixty (60) days following the filing of an amended complaint to file further motions or an answer.

**DISCOVERY**

1. The parties anticipate that discovery will be needed on the following subjects:

a. Plaintiff's allegations;

b. The defenses raised by the Defendants;

c. All aspects of Plaintiff's claimed damages;

The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in

accordance with the Federal Rules of Civil Procedure and applicable case law.

2.	All discovery, including depositions of expert witnesses pursuant to Fed.R. Civ. P. 26(b)(4), may be commenced immediately on or after the entry of this Scheduling Order by the Court and will be completed (not propounded) by August 30, 2016.

3.	Discovery will not be conducted in phases.

4.	The parties have not stipulated to waive initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

5.	The parties anticipate that Plaintiff will require a total of Eighteen (18) depositions of fact witnesses. State Defendants will require a total of Two (2) depositions of fact witnesses. The depositions may commence immediately on or after the entry of this Scheduling Order by the Court and will be completed by August 30, 2016.

6.	The parties may request permission to serve more than twenty-five interrogatories each.

7.	Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2016. Depositions of any such experts will be completed by November 30, 2016.

8.	Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. Civ. P. 26(a)(2) by December 31, 2016. Depositions of such experts will be completed by February 1, 2017.

9.	A damages analysis will be provided by any party who has a claim or counterclaim for damages by no later than one (1) week prior to the deposition of that party.

10.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. All parties assert that they will take steps for the preservation and management of electronically stored information and documents (hard copy and electronic) that could be relevant to this litigation. Unless otherwise agreed upon by the parties or ordered by the Court, all parties will make available any documents (if requested in the discovery process and otherwise non-objectionable) in hard copy format for inspection by the other party or for copying at the other party's expense. The parties reserve the right to make appropriate objections to any discovery issued in accordance with the Federal Rules of Civil Procedure and applicable case law.

11.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. If one party receives (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, such party must provide written notification to the other party within 30 calendar days of the receipt of the same identifying such information and/or attaching such document(s) thereto. In response, the disclosing party has 30 calendar days to provide written notification to the non-disclosing party that it is asserting a claim for attorney- client privilege or work-product protection

with respect to such information or document(s).

Alternatively, if the disclosing party is the one who initially learns that it has produced (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, the disclosing party must provide written notification to the other party within 30 calendar days of learning of the same that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s). Upon the receipt of any attorney-client privilege or work-protection protection claim from the disclosing party, the non-disclosing party must (within 30 calendar days of the receipt of the assertion of such claim) either: (a) agree in writing to the disclosing party's assertion of such claim and return to the disclosing party any original document(s) (and destroy and not retain any copies of such original document(s)) and never make use of or otherwise disclose or publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is the subject of such claim; or (b) inform the disclosing party in writing that it objects to the assertion of such claim. If the non-disclosing party fails to object or fails to respond to the assertion of such claim, then the non-disclosing party agrees not to make use of or otherwise disclose or publicize in any manner any such document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the disclosing party's request for adjudication of such claim by the Court.

E.   **DISPOSITIVE MOTIONS**

Dispositive motions will be filed on or before April 1, 2017.

F.   **JOINT TRIAL MEMORANDUM**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty days after the Court rules on any dispositive motion(s) filed by either party. If no dispositive motions are filed, the joint trial memorandum will be filed on or before June 1, 2017.

## VI. TRIAL READINESS

The case will be ready for trial by August 1, 2017, or thirty days after the joint trial memorandum is filed, whichever is later.

                PLAINTIFF
                ELBERT L. MORGAN

BY:   /s/ Mitchell Lake
       Mitchell Lake (ct28715)
       Rachel M. Baird & Associate
       15 Burlington Road
       Harwinton, CT 06791
       Tel: (860) 605-9340
       Fax: (860) 605-9342
       Email: Mlake@rachelbairdlaw.com

       DEFENDANTS
       J. SEVERIN BERGERON
       GEORGE JEPSEN
       ATTORNEY GENERAL

BY:   /s/ Steven M. Barry
       Steven M. Barry
       Assistant Attorney General
       Fed. Bar. No. ct07825
       110 Sherman Street
       Hartford, CT 06106
       Tel: (860) 808-5450
       Fax: (860) 808-5591
       E-mail: steven.barry@ct.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date first above a copy of the foregoing Rule 26(f) report was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                                /s/ Mitchell Lake
                                                Mitchell Lake
                                                Commissioner of the Superior Court