**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ELBERT MORGAN,** | : | **CIVIL ACTION NO:** |
| | : | **NO. 3:14cv01961(RNC)** |
| **V.** | : | |
| | : | |
| **KEVIN KANE, ET AL** | : | **SEPTEMBER 13, 2017** |

**JOINT TRIAL MEMORANDUM**[1]

**1. TRIAL COUNSEL:**

**For Plaintiff Elbert Morgan:**

Rachel M. Baird
15 Burlington Road
Harwinton, CT 06791
Tel: 860-605-9340
Fax: 860-605-9343
rbaird@rachelbairdlaw.com

**For Defendant J. Severin Bergeron:**

Steven M. Barry
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: 860-808-5450
Fax: 860-808-5591
steven.barry@ct.gov

[1] Plaintiff's counsel finalized the JTM and if any of Defendant's part of the JTM has been omitted or stated incorrectly the error was wholly inadvertent and Plaintiff has no objection to correction, clarification, or addition to the JTM by Defendant.

**2. JURISDICTION:** The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367, 2201, 2202 and 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the United States.

**3. JURY/NON-JURY:** The case will be tried to a Jury.

**4. NATURE OF CASE:**

**Plaintiff:**

Plaintiff's remaining claim is a Fourth Amendment and state constitutional claim for the unlawful search of his home and the seizure of his property on or about December 26, 2011. Connecticut General Statutes § 46b-36b(a) provides:

> Whenever a peace officer determines that a family violence crime has been committed, such officer may seize any firearm or electronic defense weapon, as defined in section 53a-3, or ammunition at the location where the crime is alleged to have been committed that is in the possession of any person arrested for the commission of such crime or suspected of its commission or that is in plain view.

The Plaintiff's home was the location where the crime was alleged to have occurred. The Plaintiff's firearms, ammunition and related property were at the Plaintiff's home when the Plaintiff was arrested. The Plaintiff was not at his home when he was arrested. The Plaintiff's property was seized without a warrant or statutory authority. An interpretation of General Statutes §§ 46b-38b(a) that allows law enforcement to seize property that is not in plain sight at the time of the arrest or subject to any other exception to the Fourth Amendment requirement of a warrant for seizure of property is unconstitutional.

**Defendant Bergeron:**

The Plaintiff claims that the defendant Bergeron wrongfully seized firearms in connection with his lawful arrest following a domestic disturbance involving Morgan's ex-wife and daughter.

The Defendant denies that the firearms were wrongfully seized and contend that they were seized with the approval of Bergeron's supervisors and subject to a finding of probable cause by a judge of the superior court. Defendant contends that the seizure was lawful pursuant to Conn.Gen.Stat. 46b-38b. Furthermore, Judge McMahon issued an order of protection the day after the seizure that required the seizure of the firearms. In addition, as part of his voluntary plea agreement to enter the accelerated rehabilitation program, Judge Strackbein ordered that the plaintiff sell the seized firearms; therefore plaintiff has not suffered any damages as a result of any conduct of defendant Bergeron. Finally, plaintiff consented to the seizure by providing the keys to his home and to the gun locker and plaintiff's wife consented to the search and seizure. Defendant Bergeron asserts a defense of qualified immunity.

**5. STIPULATIONS OF FACT AND LAW:**

Defendant J. Severin Bergeron was acting under color of law at the time of the Plaintiff's arrest and seizure of firearms.

**6. PLAINTIFF'S CONTENTIONS**:

**7. DEFENDANT'S CONTENTIONS:**

a. What facts did the Defendant Bergeron know at the time of the plaintiff's arrest?

b. What reasonably trustworthy information had Defendant Bergeron received at the time of the plaintiff's arrest?

c. Did Bergeron have probable cause to arrest and seize the plaintiff's firearms?

d. If not, is Bergeron entitled to qualified immunity?

e. If not, was Bergeron the cause of any alleged injury to the plaintiff.

Defendant denies the Plaintiff's allegations and asserts that the Plaintiff's arrest and the seizure was supported by probable cause and objectively reasonable under the circumstances.

**8. LEGAL ISSUES:** See Defendant's Motion in Limine.

**9. VOIR DIRE QUESTIONS:**

For the Defendant:

1. Please state where and in what capacities you and all the members of your household are employed.

2. Have you ever served on a jury before? If so, please identify the location and nature of the case or cases on which you served.

3. Have you, or any member of your family ever sued the police? If so, please describe the incident which formed the basis of the lawsuit.

4. Have you, or has any member of your household or family, made any formal complaint against a police officer? If so, describe the incident upon which the complaint or complaints were based.

5. Have you, or any member of your family, been involved in what you would consider to be a negative or unpleasant situation, including an arrest, with any Police Department? If so, please describe.

6. Do you believe that police officers should never use force upon a person that they are detaining or arresting, regardless of the circumstances?

7. Have you or anyone you know ever been personally injured by a police officer?

8. Do you feel that your previous involvement in any of these situations would be likely to affect your ability to be completely objective and impartial in this case?

9. Have any of you heard or read anything about the the State Police or its officers, which would in any way interfere with your ability to be completely objective and impartial concerning the evidence in this case?

10. Do any of you have any strong opinions or thoughts about claims of wrongful seizure by a police officer? If so, would you please describe?

11. Have you or has any member of your family, ever been the victim of a crime? If so, please provide details.

12. Have you or has any member of your household, ever been a party to a lawsuit? If so, please explain.

13. Please identify all organizations to which you belong.

14. If the court were to instruct you that the law applicable to this case could result in you having the duty to send the plaintiff away with no recovery, would you have any difficulty in making that decision?

15. In considering this case, would you be able to put aside any feeling of sympathy you may have for the plaintiff, and decide this case solely on the basis of the evidence and the law as the court will give it to you?

**10. LIST OF WITNESSES:**

**For the Plaintiff:**

a. Defendant J. Severin Bergeron will testify concerning Morgan's arrest, search and seizure of firearms, ammunition, and other property in December 2011.

b. Elbert Morgan of North Stonington will testify regarding his arrest, search and seizure of firearms, ammunition and other property in December 2011, the sale of his firearms, ammunition and other property, the condition of his firearms, ammunition and other property at the time of seizure.

c. Edward Peruta, 38 Parish Road, Rocky Hill, CT will testify regarding the sale of Plaintiff's firearms, ammunition and other property.

d. John Ferris, Tactical Arms, Migeon Avenue, Torrington, CT will testify regarding the condition of the firearms when he obtained them from the state police and the sale and disposition of the firearms.

**For the Defendant:**

a. Sergeant Health Ericson, 1111 Country Club Rd, Middletown, CT is likely to testify. He will testify concerning his background as a state trooper. He will also testify about the circumstances surrounding the arrest of the plaintiff and the seizure of firearms which is the subject of the Plaintiff's complaint and will authenticate documents, if needed.

b. Sergeant Matthew Garcia, 1111 Country Club Rd, Middletown, CT is likely to testify. He will testify concerning his background as a state trooper. He will also testify about the circumstances surrounding the arrest of the plaintiff and the seizure of firearms which is the subject of the Plaintiff's complaint and will authenticate documents, if needed.

c. Trooper Fabian,1111 Country Club Rd, Middletown, CT is likely to testify. He will testify about the circumstances surrounding the arrest of the plaintiff and the

seizure of firearms which is the subject of the Plaintiff's complaint and will authenticate documents, if needed.

d. Trooper Chivers,1111 Country Club Rd, Middletown, CT is likely to testify. He will testify about the circumstances surrounding the arrest of the plaintiff and the seizure of firearms which is the subject of the Plaintiff's complaint and will authenticate documents, if needed.

e. Trooper Malek, 1111 Country Club Rd, Middletown, CT is likely to testify. He will testify concerning about the circumstances surrounding the arrest of the plaintiff and the seizure of firearms which is the subject of the Plaintiff's complaint and will authenticate documents/photographs, if needed.

f. Detective Jeff Meninno, 1111 Country Club Rd, Middletown, CT is likely to testify. He will testify about the circumstances surrounding the seizure of firearms which is the subject of the Plaintiff's complaint and will authenticate documents, if needed.

g. J. Severin Bergeron will testify. He will testify about the circumstances surrounding the arrest of the plaintiff and the seizure of firearms which is the subject of the Plaintiff's complaint and will authenticate documents, if needed.

h. Cammy Morgan may testify. She will testify concerning the incident that led to the plaintiff's arrest.

i. Kelly Morgan may testify. She will testify concerning the incident that led to the plaintiff's arrest and her consent to the search and seizure of the firearms.

j. Assistant State's Attorney Mary Jean Kanabis may testify concerning the order of protection and the plaintiff's voluntary agreement to enter the accelerated rehabilitation program.

Defendant objects to testimony by Plaintiff's witnesses or any witnesses concerning the condition/value of the seized property as it is irrelevant and additionally is expert testimony that has never been disclosed by the plaintiff nor has it been included in any damages estimate required by this Court's scheduling order. The Defendant participated in the decision to seize firearms on December 26, 2011. On December 27, 2011, at Plaintiff's arraignment the Superior Court issued a criminal order of protection requiring the plaintiff to surrender the subject firearms. Plaintiff ultimately was required to sell his firearms to a licensed dealer as part of his ultimate plea to enter in the accelerated rehabilitation program. Thus, Defendant Bergeron's conduct is not a legal cause of any damages to the Plaintiff.

**11. EXHIBITS:**

For the Plaintiff:

001. List of firearms handwritten; Estate transfer of firearms to Elbert L. Morgan, Jr. dated July 12, 2002 and October 11, 2002; Bill of Sale re: six firearms from Elbert L. Morgan, Sr., to Elbert L. Morgan, Jr.; DPS-3's dated September 5, 2003; Application to Purchase a Firearm forms dated September 5, 2003

002. Application for Tax Paid Transfer and Registration of Firearm forms; Application to make and Register a Firearm forms; June 25, 2014 letter to Department of Emergency Service and Public Protection, Lieutenant Eric A. Cooke, Commanding Officer, Regulatory and Support Services, Special Licensing and Firearms Unit from Attorney Mitchell Lake re: Registration of Machineguns

003. Bill of Sale between Elbert L. Morgan, Jr. and Tactical Arms; Inventory of Property Seized Without A Search Warrant dated December 26, 2011; DPS-3's; fax transmission verification report; Tactical Arms Sales Receipt dated August 4, 2014.

Plaintiff objects to Defendant's exhibits pending a proper foundation and as hearsay.

For the Defendant:

501. 1/1/2012 Investigation Report

502. Statement of Cammy Morgan

503. Statement of Kelly Morgan

504. 12/27/2011 Order of Protection

505. Inventories and Court Orders re Sale of Firearms

Defendant objects to Ex. 001 as the document is irrelevant and immaterial, self serving and there is not a proper foundation and is hearsay.

Defendant objects to Ex. 002 as the document is irrelevant and immaterial, self serving and there is not a proper foundation and appear to be offered to support a claim of damages for which there was no disclosure. The documents contain hearsay.

Defendant objects to Ex. 003 as the document is irrelevant and immaterial, self serving and there is not a proper foundation and appear to be offered to support a claim of damages for which there was no disclosure. The documents contain hearsay.

**12. DEPOSITION TESTIMONY:**

No deposition testimony.

**13. REQUESTS FOR JURY INSTRUCTIONS:**

See Defendant's attached requested jury instructions.

**14. ANTICIPATED EVIDENTIARY PROBLEMS:**

Both parties have objected to proposed exhibits and Defendant has objected to the proposed testimony of Plaintiff witnesses Peruta, Ferris, and Plaintiff regarding the value of the seized property.

**15. PROPOSED FINDINGS AND CONCLUSIONS:**

**16. TRIAL TIME:**

The parties expect that the trial will take two to three days to complete.

**17. COURTROOM TECHNOLOGY:**

The parties have not identified the need for courtroom technology given the nature and limited quantity of the exhibits.

**18. FURTHER PROCEEDINGS:**

**Plaintiff's Position**

Plaintiff objects to the filing of dispositive motions at this stage of the proceedings as requested by the Defendant below.

**Defendant's Position**

None, with the exception of motions *in limine* and objections to exhibits and witnesses as described herein. Defendant would respectfully request permission to file a dispositive motion. Plaintiff has today identified expert damage witnesses. Furthermore, plaintiff does not challenge his arrest or the warrant in support of that arrest as there was a finding of probable cause by Judge McMahon. More importantly, plaintiff's charges were only resolved after he entered the accelerated rehabilitation program (AR). Because that program does not constitute a favorable termination, any challenge to that arrest or the warrant is not valid. *Murphy v. Kearney*, 2010 WL 2640041 (D.Conn. 2010). The only

issue to be decided in this matter, thus, is whether the December 26, 2011 seizure pursuant to Conn.Gen.Stat. 46b-38b pending the hearing and issuance of the order of protection by Judge McMahon on December 27, 2011 violated plaintiff's constitutional rights, and if so, whether defendant would be shielded by qualified immunity. Defendant respectfully requests that this court decide that legal issue without a full trial on the merits.

**PLAINTIFF**
**ELBERT MORGAN**

By: ________________________
Rachel M. Baird
Attorney Rachel M. Baird
15 Burlington Road
Harwinton, CT 06791
Tel: (860) 605-9340
Fax: (860) 605-9343
Fed. Bar No. 12131
rbaird@rachelbairdlaw.com

**DEFENDANT J. SEVERIN BERGERON**

By: ___/s/[2]________________________
Steven M. Barry
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105
Telephone: 860,808.5450
Facsimile: 860.808.5591
Fed. Bar No ct07825
steven.barry@ct.gov

[2] See note 1.

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Joint Trial Memorandum was served electronically to all counsel of record through CM/ECF.

Rachel M. Baird

______________________________
Rachel M. Baird
Commissioner of the Superior Court